**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CUADROS MORALES LIZARDO (A No. 245-986-025),<br><br>                    Petitioner,<br><br>v.<br><br>WARDEN OF CALIFORNIA CITY CENTER, et al.,<br><br>                    Respondents. | Case No. 1:26-cv-03998-JLT-CDB<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

## I.    INTRODUCTION

Before the Court is Cuadros Morales Lizardo's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the habeas petition (Doc. 1).

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.    FACTUAL BACKGROUND

Petitioner is citizen of Peru who entered the United States in April 2024, where he was encountered by U.S. Border Patrol and released on an Order of Release on Recognizance. (*See* Doc. 6-1 at 1, 3.) DHS issued him a Notice to Appear charging Petitioner as removable under INA § 212(a)(6)(A)(i). (*Id*. at 2, 3; Doc. 6-2 at 1.) On May 17, 2026, Petitioner was ordered removed, (Doc. 6-3 at 3–6), but according to EOIR's Automated Case Information, on June 26, 2026, Petitioner filed an appeal with the Board of Immigration Appeals which remains pending. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 14, 2026). As such, Petitioner is not yet subject to a final order of removal. (*See* Doc. 9.) Petitioner indicates that he has no criminal history, and the I-213 confirms this information. (Doc. 1 at 2; Doc. 6-1 at 2.)

On March 24, 2026, Petitioner reported to the Sacramento Enforcement and Removal Operations and was arrested by ICE. (Doc. 6-1 at 2.) ICE officers "advised him that he was being placed under arrest for multiple ATD [(alternatives to detention)] violations and for failing to report for any interview as directed." (*Id*.) Specifically, the I-213 lists the following ATD violations:

> 03/22/2026 Missed Biometric Check In
> 03/21/2026 Missed Biometric Check In
> 02/24/2026 Missed Biometric Check In
> 12/16/2025 Missed Biometric Check In
> 10/07/2025 In Person Office Visit Missed
> 10/07/2025 Missed Biometric Check In
> 09/16/2025 Missed Biometric Check In
> 09/20/2024 Virtual home Visit Failed
> 08/25/2024 Missed Biometric Check In
> 08/22/2024 Missed Biometric Check In
> 08/16/2024 Virtual Home Visit Failed
> 08/15/2024 Missed Biometric Check In
> 08/04/2024 Missed Biometric Check In
> 07/15/2024 Missed Biometric Check In
> 07/14/2024 Missed Biometric Check In

(Doc. 6-1 at 3.) Petitioner indicates that some of these violations were, in part, due to his failure to check-in on the mobile app with a picture every Tuesday as his deportation officer failed to inform him of this requirement. (Doc. 7 at 2.) Additionally, Petitioner indicates that his GPS watch malfunctioned making it difficult to check-in. (*See id.*) Petitioner further indicates that he is the primary provider for his wife and son. (*Id.*) Petitioner was then transferred to the California City Detention Facility, where he remains. (Doc. 1 at 1.)

## IV.    DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 6 at 2.) Respondents offer little to rebut Petitioner's due process claim and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. Respondents further argue that Petitioner's multiple violations of his conditions of release justified Petitioner's re-detention without a pre-deprivation hearing. (Doc. 6 at 4.) Because the record reflects at least fifteen release violations, including a series of missed biometric check-ins, a missed in-person office visit, and two missed virtual home visits, the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk.

For the foregoing reasons, the Court **ORDERS:**

1.     The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**;

2.     **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3.     At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4.     The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this order.

5.     The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  _July 14, 2026_

_____
UNITED STATES DISTRICT JUDGE